# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 27, 2013

No. 13-30233
Summary Calendar

Lyle W. Cayce
Clerk

CALDWELL BURGESS,

Plaintiff - Appellant

v.

CLECO CORPORATION,

Defendant - Appellee

Appeal from the United States District Court for the
Western District of Louisiana, Shreveport
USDC No. 5:11-CV-1704

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Caldwell Burgess is one of a number of African-American employees or former employees of Defendant-Appellee Cleco Corporation who filed employment discrimination and retaliation lawsuits against Cleco, alleging mostly race-based claims under Title VII, §1981, the ADEA, and various Louisiana statutes. In response to Cleco's initial motion for summary judgment, the court dismissed Burgess's claims under Title VII, the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30233

ADEA, and the state statutes in question, leaving in place his claims for failure to promote, racial discrimination, retaliation, hostile work environment, and constructive discharge.

Over objections from Burgess, the court entertained a second motion for summary judgment by Cleco which the court granted, dismissing Burgess's remaining claims. The district court concluded, *inter alia*, that the summary judgment evidence proffered by Burgess was uniformly conclusional and irrelevant, never rising to a level sufficient to create a genuine issue of material fact in opposition to Cleco's summary judgment evidence and legal arguments.

Our review of the record on appeal, including briefs of counsel for the parties and the district court's admirably patient, detailed, and comprehensive 22-page Memorandum Ruling, leaves us with no doubt but that Burgess has failed to support his insistence on appeal that the district court committed reversible error in hearing and granting Cleco's motions for summary judgment and dismissing all claims asserted on his behalf as wholly wanting in fact and in law.

As counsel for Burgess did not bother to file a reply brief, we reiterate — and adopt — the Summary of the Argument from the brief of Appellee:

A. **Allowing Cleco To File A Second Motion for Summary Judgment Was Proper:** The district court did not err in allowing Cleco to file a second motion for summary judgment because it had the discretion to do so, even with no new facts presented or changes in the law.

B. **Burgess Offers Insufficient Facts and Legal Authority.** Burgess asserts the district court erred in its decision, but fails to support his arguments with accurate citations to material facts and legal authority, thus waiving many of his arguments.

C. **Dismissal Of Burgess's Failure To Promote Claims Was Proper.** The district court properly dismissed Burgess's failure to promote claims because he abandoned them and they are untimely.

No. 13-30233

It properly dismissed Burgess's allegation regarding the 2008 Director-Marketing and Contracts position because it is actually a failure to hire claim that is untimely and because Burgess conceded that he never applied for the position.

**D.  Dismissal Of Burgess's Pay Discrimination Claim Was Proper.**  The district court properly dismissed Burgess's pay discrimination claim because Burgess has no evidence of pretext sufficient to rebut Cleco's legitimate, non-discriminatory reasons for its actions.  Additionally, Cleco demonstrated that the claim is untimely.

**E.  Dismissal Of Burgess's Miscellaneous Racial Discrimination And Retaliation Claims Was Proper.**  The district court property dismissed Burgess's miscellaneous discrimination and retaliation claims because he abandoned them, because they are untimely, and because they are without merit.

**F.  Dismissal Of Burgess's Hostile Work Environment Claims Was Proper.**  The district court properly dismissed Burgess's hostile work environment claims finding Burgess could not prove that he was subjected to unwelcome harassment or that the alleged harassment was sufficiently severe or pervasive. Additionally, Cleco demonstrated that Burgess's hostile work environment claim is untimely and the complained of conduct was not race-based.

**G.  Dismissal Of Burgess's Constructive Discharge Claim Was Proper.**  The district court properly dismissed Burgess's constructive discharge claim because he did not present evidence that the working conditions at Cleco were so intolerable that a reasonable person would have felt compelled to resign. Additionally, Cleco demonstrated that the claim is untimely.

For these reasons and those detailed in the district court's aforesaid Memorandum Ruling, its dismissal of Burgess's action is, in all respects, AFFIRMED.

3